UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
    Plaintiffs

vs.   C.A. No. 04 11754 DPW

SENTRY FENCE & IRON CO. and
JAMES MARCONI
    Defendants

and

EASTERN BANK,
    Trustee

## COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties, and pursuant to 28 U.S.C. § 1367, as all of the claims herein derive from a common nucleus of operative fact.

## PARTIES

3. Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant Sentry Fence & Iron Co. (hereinafter "Sentry" or "the Employer") is a Massachusetts corporation with a principal place of business at 120 Main Street, North Reading, Masschusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Defendant James Marconi ("Marconi") is an individual residing at 15 Pine Grove Avenue, Lynn, Massachusetts, and is the owner of Sentry.

11. Eastern Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

12. On or about March 17, 2003, defendant Sentry agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A copy of Sentry's signed agreement ("short form agreement") is attached hereto as Exhibit A.

13. Because of the short form agreement, Sentry has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2000

through May, 2004 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

14. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

15. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-14 supra.

16. On or about April 6, 2004, an auditor employed by Plaintiff Funds conducted an audit of Sentry's books and records for the period March, 2003 through April, 2004.

17. The Funds' auditor initially determined that Sentry owed the Funds $31,424.40 in unpaid contributions for the period covered by the audit, together with $397.52 in underpayments and interest on late paid contributions. Subsequently, the auditor received pay stubs for an employee who had not been listed on the payrolls, and concluded that the total delinquency was in fact $31,958.00.

18. In or about April, 2004, two letters were sent from the Funds to Sentry. The first letter notified Sentry of the initially-determined delinquency, whereas the subsequent letter notified Sentry of its revised delinquency, including the newly-discovered pay stubs. Attached to the letters were the Funds' audit remittance reports setting out the amounts due. Copies of those letters with attachments are attached hereto as Exhibits C and D, respectively.

4

19. Thereafter, based on additional records received, the auditor determined that Sentry actually owed $33,990.00 in delinquent fringe benefit contributions.

20. The Funds and Sentry signed a Settlement Agreement on June 9, 2004, whereby Sentry agreed to pay the updated figure of $33,990.00 in delinquent fringe benefit contributions. Sentry remitted an initial payment of $16,000 upon the signing of the Settlement Agreement, and was to pay an additional $6,000 by June 25, 2004 and July 25, 2004, respectively, and a final payment of $5,990 plus all interest accrued by August 25, 2004. A copy of the Settlement Agreement is attached hereto as Exhibit E.

21. To date, Sentry has failed and refused to pay the Funds any of the payments due under the terms of the Settlement Agreement, beyond the initial $16,000 payment made upon the signing of the Agreement. Thus, Sentry has failed and refused to pay a total of $17,990.00 in unpaid fringe benefit contributions for the period March, 2003 through April, 2004, and may now be liable for additional obligations incurred thereafter.

22. The failure of Sentry to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

23. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

24. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II- VIOLATION OF LMRA

25. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-24 above.

26. The failure of Sentry to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement and to pay the underpayments and interest violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – BREACH OF CONTRACT BY SENTRY

27. The Funds repeat, reallege, and incorporate by reference herein, the above paragraphs 1 through 26, inclusive.

28. Under the terms of the Settlement Agreement, Sentry is obligated to pay the Funds the remaining $17,990.00 due in unpaid fringe benefit contributions.

29. Despite repeated demands through Sentry's counsel for payment under the terms of the Settlement Agreement, Sentry has failed to pay or otherwise respond.

30. Sentry's failure to pay the Funds the amount due in unpaid contributions constitutes a breach of contract.

## COUNT IV – BREACH OF CONTRACT BY MARCONI

31. The Funds repeat, reallege, and incorporate by reference herein, the above paragraphs 1 through 30, inclusive.

32. In Paragraph 2 of the Settlement Agreement, Marconi personally guaranteed payment of the outstanding fringe benefit contributions according to the payment plan in the Settlement Agreement. Thus, Marconi is personally liable to the Funds for the remaining $17,990.00 due in unpaid fringe benefit contributions.

33.     Despite repeated demands through Marconi's counsel for payment under the terms of the Settlement Agreement, Marconi has failed to pay or otherwise respond.

34.     Marconi's failure to pay the Funds the amount due in unpaid contributions constitutes a breach of contract.

### COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

35.     The Funds repeat, reallege, and incorporate by reference herein, the above paragraphs 1 through 34, inclusive.

36.     The Funds and Sentry were parties to a contract in which Sentry agreed to pay the amount due in unpaid contributions.

37.     This contract contained the implied covenant of good faith and fair dealing inherent in every contract.

38.     Sentry has breached the implied covenant of good faith and fair dealing by refusing to pay the amount due, thereby denying the Funds the fruits of its contract.

39.     As a result of its breach of the implied covenant of good faith and fair dealing, Sentry is liable to the Funds for damages in the amount of $17,990.00.

### COUNT VI – VIOLATION OF M.G.L. c. 93A, §§ 2 and 11

40.     The Funds repeat, reallege, and incorporate by reference herein, the above paragraphs 1 through 39, inclusive.

41.     At all relevant times, Sentry was engaged in trade and commerce within the meaning of M.G.L. c. 93A, §§ 2 and 11.

42.     By its foregoing acts and omissions, Sentry willfully, knowingly, and intentionally deceived the Funds by affirmatively misrepresenting its pledge to pay the Funds the remainder of the unpaid contributions.

7

43. Sentry's actions, as described herein, constitute unfair and deceptive acts and practices.

44. Sentry's unfair and deceptive conduct in making a promise that it refused to keep and then ignoring its obligation to pay the Funds have harmed and continue to harm the Funds.

45. These actions constitute a breach of M.G.L. c. 93A.

46. As a result of Sentry's unfair and deceptive acts and practices, the Funds have suffered substantial monetary damages and are entitled to be reimbursed for those damages, tripled, plus attorneys' fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Sentry and Marconi held by Eastern Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendants Sentry and Marconi;

c. Enter a preliminary and permanent injunction enjoining Sentry and Marconi from refusing or failing to make contributions to Plaintiff Funds;

d. Enter judgment in favor of the Plaintiff Funds in the amount of $17,990.00 plus any additional amounts determined by the Court to be owed by Sentry and Marconi or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

e. Under Count III, enter judgment in favor of the Plaintiff Funds in the amount of $17,990.00, plus subsequently accruing interest and costs;

f. Under Count IV, enter judgment in favor of the Plaintiff Funds in the amount of $17,990.00, plus subsequently accruing interest and costs;

g. Under Count V, enter judgment in favor of the Plaintiff Funds in the amount of $17,990.00, plus subsequently accruing interest and costs;

h. Under Count VI, find that Sentry's violations of M.G.L. c. 93A were willful and enter judgment against it in an amount three times the Funds' actual damages, plus subsequently accruing interest;

i. Award the Funds its attorneys' fees and costs pursuant to M.G.L. c. 93A; and

j. Such further and other relief as this Court deem appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

*[signature]*

Anne R. Sills, Esq. BBO #546576
Gregory A. Geiman, Esq. BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

Dated: August 9, 2004

ARS/gag&ts
6306 03-428/complt.doc

9

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Paul J. McNally, as he is Trustee, Mass. Laborers' Health & Welfare Fund v. Sentry Fence & Iron Co. and James Marconi

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).**
   N/A

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**   YES ☐   NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)**   YES ☐   NO ☒
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**   YES ☐   NO ☐

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**   YES ☐   NO ☒

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**   YES ☐   NO ☒
   **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).**   YES ☐   NO ☒

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** N/A

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION:** YES ☐ NO ☐   N/A   **OR WESTERN SECTION:** YES ☐ NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Gregory A. Geiman
ADDRESS   Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA 02108
TELEPHONE NO.   (617) 742-0208

(Categfrm.rev - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND

## DEFENDANTS
Sentry Fence & Iron Co. and James Marconi

2004 AUG 10 P 3:45

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Anne R. Sills, Esquire, Greg A. Geiman, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108

ATTORNEYS (IF KNOWN)
Brent Bass, Esq.
George O. Gregson P.C.
325 Central Street
Saugus, MA 01906

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):
N/A
JUDGE _____    DOCKET NUMBER _____

DATE 5/9/04

SIGNATURE OF ATTORNEY OF RECORD
/s/ Gregory A. Geiman

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____