UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　Plaintiffs<br><br>vs.<br><br>SENTRY FENCE & IRON CO. and JAMES MARCONI,<br>　　　　Defendants<br><br>and<br><br>EASTERN BANK,<br>　　　　Trustee | C.A. No. 04-11754 DPW |

## AFFIDAVIT OF PHILIP MACKAY

1.　My name is Philip Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds"). In my capacity as Collections Agent, I review the audits of and payments by contractors that are bound by their collective bargaining agreements with the Massachusetts Laborers' District Council to make contributions to the Funds for their laborer employees.

2.　On or about March 17, 2003, defendant Sentry Fence agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff

Funds, to the terms of collective bargaining agreements requiring fringe benefit contributions to Plaintiff Funds, and to any successor agreements.

3. Thus, Sentry Fence has been a party to successive collective bargaining agreements, including the agreement which was effective from June, 2000 through May, 2004 ("the Agreement").

4. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

5. On or about April 6, 2004, an auditor employed by Plaintiff Funds conducted an audit of Sentry Fence's books and records for the period March, 2003 through April, 2004. The auditor's final conclusion, based on the audit and subsequent payroll records received, was that Sentry Fence owed the Funds a total of $33,990.00 in contributions.

6. The Funds and Sentry Fence signed a Settlement Agreement on June 9, 2004, whereby Sentry Fence agreed to pay the $33,990.00 in delinquent contributions.

7. Sentry Fence remitted an initial payment of $16,000.00 upon the signing of the Settlement Agreement, and made other partial payments, but failed and refused to pay the entirety of the delinquency. As a result, an audit balance of $10,958.00 remains due and owing.

8. The parties executed a second Settlement Agreement on or about July 25, 2005, whereby Sentry Fence agreed to pay the remaining audit balance of $10,958.00 plus interest, and to make an initial payment of $2,000.00 upon its signing of the Settlement Agreement.

9. To date, Sentry Fence has failed to make any payments under the July 25, 2005 Settlement Agreement.

10. As a result, $10,958.00 in contributions remains due for the period March, 2003 through April, 2004.

11. If the $10,958.00 in unpaid fringe benefit contributions owed by Sentry Fence is paid by the end of August, 2005, the company will owe the Funds $1,590.57 in interest thereon.

12. Further, Sentry Fence continues to owe $1,880.26 in interest on late-paid contributions.

13. Liquidated damages of at least $2,191.60 are also due under the terms of the collective bargaining agreement.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23RD DAY OF AUGUST, 2005.

_____
Philip Mackay

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 8/24/05

ARS/gag&ts
6306 03-428/affmackay2.doc

3