UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
           Plaintiffs

vs.

SENTRY FENCE & IRON CO. and
JAMES MARCONI,
           Defendants

and

EASTERN BANK,
           Trustee

C.A. No. 04-11754 DPW

## MEMORANDUM IN SUPPORT OF MOTION FOR ATTACHMENT OF PERSONAL PROPERTY OF DEFENDANT

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 223, and Rule 4.1 Mass.R.Civ.P., Plaintiffs Paul J. McNally, as he is Trustee, Massachusetts Laborers' Health and Welfare Fund, et al, are entitled to an attachment of the Defendant's personal property if they can demonstrate that they are reasonably likely to recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the Defendant to be available to

satisfy the judgment. See International Ass'n of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306 (D.Mass. 1995). For the reasons stated below, Plaintiffs have satisfied the requirements for an Order of Attachment of the personal property of Defendant Sentry Fence & Iron Co. ("Sentry Fence"). Specifically, Plaintiffs seek the attachment of the following property, owned by the company and utilized for business purposes:

Motor Vehicles

1. 1990 Chevrolet Pickup 3500 Base Model (MA K14431)
2. 1992 Ford Pickup F350 Base Model (MA J59697)
3. 1995 Chevrolet 3500 Base Model (MA K71512)

See Affidavit of Anne R. Sills ("Sills Aff."), par. 3.

I. **PLAINTIFFS HAVE DEMONSTRATED A REASONABLE LIKELIHOOD OF PREVAILING ON THE MERITS OF THEIR CLAIMS AGAINST THE DEFENDANT.**

On or about March 17, 2003, defendant Sentry Fence agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring fringe benefit contributions to Plaintiff Funds, and to any successor agreements. See Affidavit of Philip Mackay ("Mackay Aff."), par. 2. A copy of Sentry Fence's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A. Because of the short form agreement, Sentry Fence has been a party to successive collective bargaining agreements, including the agreement which was effective from June, 2000 through May, 2004 ("the Agreement"). Mackay Aff., par. 3. A copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B.

The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the

amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Mackay Aff., par. 4. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe. Id. On or about April 6, 2004, an auditor employed by Plaintiff Funds conducted an audit of Sentry Fence's books and records for the period March, 2003 through April, 2004. Mackay Aff., par. 5. The auditor's final conclusion, based on the audit and subsequent payroll records received, was that Sentry Fence owed the Funds a total of $33,990.00 in contributions. Id.

The Funds and Sentry Fence signed a Settlement Agreement on June 9, 2004, whereby Sentry Fence agreed to pay the $33,990.00 in delinquent contributions. Mackay Aff., par. 6. A copy of the June 9, 2004 Settlement Agreement is attached to the Complaint as Exhibit E. Sentry Fence remitted an initial payment of $16,000.00 upon the signing of the Settlement Agreement, and made other partial payments, but failed and refused to pay the entirety of the delinquency. Mackay Aff., par. 7. As a result, an audit balance of $10,958.00 remains due and owing. Id. Thereafter, on August 9, 2004, the instant suit was filed. The parties executed a second Settlement Agreement on or about July 25, 2005, whereby Sentry Fence agreed to pay the remaining audit balance of $10,958.00 plus interest, and to make an initial payment of $2,000.00 upon its signing of the agreement. Mackay Aff., par. 8. A copy of the July 25, 2005 Settlement Agreement is attached hereto as Exhibit 1. To date, Sentry Fence has failed to make any payments under the July 25, 2005 Settlement Agreement. Mackay Aff., par. 9. As a result, $10,958.00 in contributions remains due for the period March, 2003 through April, 2004. Mackay Aff., par. 10.

## II. PLAINTIFFS ARE LIKELY TO RECOVER AN AMOUNT GREATER THAN THE AMOUNT OF THE ATTACHMENT THEY SEEK.

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs, and such other legal or equitable action as the Court deems appropriate. If the $10,958.00 in unpaid fringe benefit contributions owed by Sentry Fence is paid by the end of August, 2005, the company will owe the Funds $1,590.57 in interest thereon. Mackay Aff., par. 11. Further, Sentry Fence continues to owe $1,880.26 in interest on late-paid contributions. Mackay Aff., par. 12. Liquidated damages of at least $2,191.60 are also due under the terms of the collective bargaining agreement. Mackay Aff., par. 13. Finally, Sentry Fence owes at least $5,280.00 in attorney's fees and $352.44 in costs. Sills Aff., par. 2.

Thus, in total, the evidence is sufficient to find that Sentry Fence is liable for $10,958.00 in unpaid contributions through April, 2004, $1,590.57 in interest on unpaid contributions, $1,880.26 in interest on late-paid contributions, $2,191.60 in liquidated damages, and $5,632.44 in attorneys' fees and costs, for a total of $22,252.87. The motor vehicles that Plaintiffs seek to attach have an estimated combined value of $8,180.00. Kelley Blue Book Private Party Report, *available at* http://www.kbb.com (August 5, 2005).

## III. DEFENDANT HAS INSUFFICIENT INSURANCE TO COVER PLAINTIFFS' CLAIMS.

As this is a contract claim, insurance would generally not be available to the Defendant and an attachment of Sentry Fence's property is therefore allowable. In any event, the burden is

on the Defendant to show the existence of liability insurance to satisfy a prospective judgment.

Johnson v. Harris, 1991 WL 226331, *2 (D.Mass. 1991).

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court allow their Motion for Attachment of Personal Property of the Defendant.

>  Respectfully submitted,
>
>  PAUL J. McNALLY, as he is
>  TRUSTEE, MASSACHUSETTS
>  LABORERS' HEALTH AND WELFARE
>  FUND, et al,
>
>  By their attorneys,
>
>  /s/ Gregory C. Geiman
>  _____
>  Anne R. Sills, Esquire
>  BBO #546576
>  Gregory A. Geiman, Esquire
>  BBO #655207
>  Segal, Roitman & Coleman
>  11 Beacon Street
>  Suite #500
>  Boston, MA  02108
>  (617) 742-0208

Dated: August 22, 2005

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Attachment of Personal Property of Defendant has been served by first class mail upon Defendants Sentry Fence & Iron Co. and James Marconi at 15 Pine Grove Avenue, Lynn, MA 01905 this 22nd day of August, 2005.

> /s/ Gregory C. Geiman
> _____
> Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 03-428/memattach-persprop.doc

1

# SETTLEMENT AGREEMENT

Sentry Fence & Iron Co. ("Sentry"), James Marconi ("Marconi"), the Massachusetts Laborers' District Council ("Union") and Massachusetts Laborers' Benefit Funds ("Funds") state that:

WHEREAS, Sentry became signatory to a collective bargaining agreement with the Union on March 17, 2003, which agreement was effective June 1, 2000 through May 31, 2004; and

WHEREAS, pursuant to the terms of that agreement, Sentry was obligated to make fringe benefit contributions to the Funds for all hours worked by its covered employees and to forward all dues deducted from its employees' pay; and

WHEREAS, Sentry failed to make all required contributions and forward all dues and was determined by the Funds' auditor to owe the Funds and Union $33,990.00 for work performed through March, 2004; and

WHEREAS, as a result of its failure to make all payments it also owes interest on the delinquent contributions, liquidated damages and attorney's fees; and

WHEREAS, Sentry reduced the amount owed to $10,958.00 through partial payments made pursuant to a predecessor Settlement Agreement signed between the parties on June 9, 2004; and

WHEREAS, Sentry failed to make any further payments under the terms of the predecessor Settlement Agreement; and

WHEREAS, the Funds subsequently sued Sentry in August, 2004 in Paul J. McNally, as he is Trustee, et al v. Sentry Fence & Iron Co. and James Marconi, C.A. No. 04-11754-DPW, to collect $10,958.00 in delinquent contributions owed through March, 2004, together with interest, fees, costs and damages; and

WHEREAS, the parties wish to resolve this dispute;

Now therefore, the parties agree as follows:

1. Sentry will pay the $10,958.00 in delinquent fringe benefit contributions and dues owed through March, 2004 and interest as follows:

    a) An initial payment of $2,000.00 upon the signing of this agreement;

    b) Payment of $2,191.60 30 days after the signing of the agreement but in any event by no later than August 21, 2005;

       c)    Payment of $2,191.60 by September 21, 2005;

       d)    Payment of $2,191.60 by October 21, 2005; and

       e)    A final payment of $2,383.00 by November 21, 2005 toward the delinquency together with all accrued interest.

2. James Marconi, the president and sole owner of Sentry herein personally guarantees the payments set forth in paragraph 1 above.

3. Sentry further agrees to accelerate these payments whenever possible.

4. In consideration for Sentry's compliance with paragraphs 1-3 supra, the Funds will stay the litigation in <u>Paul J. McNally, as he is Trustee, et al v. Sentry Fence & Iron Co. and James Marconi</u>, C.A. No. 04-11754-DPW and waive their claims for liquidated damages and attorney's fees.

Sentry Fence and Iron Co.           Massachusetts Laborers' District Council

_____       /s/ Paul J. McNally
James Marconi, President              Paul J. McNally, Business Manager

Date:_____    Date: 7/20/05

James Marconi                        Massachusetts Laborers' Benefit Funds

_____      _____
James Marconi, Individually            Thomas Masiello, Administrator

Date:_____    Date:_____

GAG/gag&ts
ARS 6306 03-428/settlagr2.doc

      c)      Payment of $2,191.60 by September 21, 2005;

      d)      Payment of $2,191.60 by October 21, 2005; and

      e)      A final payment of $2,383.00 by November 21, 2005 toward the delinquency together with all accrued interest.

2. James Marconi, the president and sole owner of Sentry herein personally guarantees the payments set forth in paragraph 1 above.

3. Sentry further agrees to accelerate these payments whenever possible.

4. In consideration for Sentry's compliance with paragraphs 1-3 supra, the Funds will stay the litigation in <u>Paul J. McNally, as he is Trustee, et al v. Sentry Fence & Iron Co. and James Marconi</u>, C.A. No. 04-11754-DPW and waive their claims for liquidated damages and attorney's fees.

---

Sentry Fence and Iron Co.          Massachusetts Laborers' District Council

_____     _____

James Marconi, President             Paul J. McNally, Business Manager

Date:_____        Date:_____

James Marconi                           Massachusetts Laborers' Benefit Funds

_____     */s/ Thomas Masiello*

James Marconi, Individually           Thomas Masiello, Administrator

Date:_____        Date: July 25, 2005

GAG/gag&ts
ARS 6306 03-428/settlagr2.doc

13/2005  12:02    19786645210                    SENTRY FENCE AND IRO              PAGE  01
6-05  11:07  FROM:SEGAL/ROITMAN+COLEMAN          ID:8177422187                     PAGE  4/4

    c)     Payment of $2,191.60 by September 21, 2005;

    d)     Payment of $2,191.60 by October 21, 2005; and

    e)     A final payment of $2,383.00 by November 21, 2005 toward the delinquency together with all accrued interest.

2. James Marconi, the president and sole owner of Sentry herein personally guarantees the payments set forth in paragraph 1 above.

3. Sentry further agrees to accelerate these payments whenever possible.

4. In consideration for Sentry's compliance with paragraphs 1-3 supra, the Funds will stay the litigation in Paul J. McNally, as he is Trustee, et al v. Sentry Fence & Iron Co. and James Marconi, C.A. No. 04-11754-DPW and waive their claims for liquidated damages and attorney's fees.

Sentry Fence and Iron Co.

_____
James Marconi, President
Date: 7/15/05

James Marconi

_____
James Marconi, Individually
Date: 7/15/05

Massachusetts Laborers' District Council

_____
Paul J. McNally, Business Manager
Date: _____

Massachusetts Laborers' Benefit Funds

_____
Thomas Masiello, Administrator
Date: _____

GAG/gagers
ARS 6306 03-428/settlagr2.doc

2