UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　　Plaintiffs<br><br>vs.<br><br>SENTRY FENCE & IRON CO. and JAMES MARCONI,<br>　　　　　Defendants<br><br>and<br><br>EASTERN BANK,<br>　　　　　Trustee | C.A. No. 04-11754 DPW |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendants Sentry Fence & Iron Co. (hereinafter "Sentry Fence") is a Massachusetts corporation that has defaulted. James Marconi ("Marconi") is a resident of Massachusetts and is the president of Sentry Fence. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties, and pursuant to 28 U.S.C. §1367, as all of the claims herein derive from a common nucleus of operative fact.

A Notice of Default was issued by the Clerk on February 3, 2006. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $14,394.24, representing contributions owed to the Funds through March, 2004, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs.

## **FACTS**

On or about March 17, 2003, defendant Sentry Fence agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring fringe benefit contributions to Plaintiff Funds, and to any successor agreements. See Affidavit of Philip Mackay ("Mackay Aff."), par. 2. A copy of Sentry Fence's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A. Because of the short form agreement, Sentry Fence has been a party to successive collective bargaining agreements, including the agreement which was effective from June, 2000 through May, 2004 ("the Agreement"). Mackay Aff., par. 3. A copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B.

The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Mackay Aff., par. 4. Employers are also required to file monthly Remittance Reports, on which

employers calculate the payments they owe. Id. On or about April 6, 2004, an auditor employed by Plaintiff Funds conducted an audit of Sentry Fence's books and records for the period March, 2003 through April, 2004. Mackay Aff., par. 5. The auditor's final conclusion, based on the audit and subsequent payroll records received, was that Sentry Fence owed the Funds a total of $33,990.00 in contributions. Id.

The Funds and Sentry Fence signed a Settlement Agreement on June 9, 2004, whereby Sentry Fence agreed to pay the $33,990.00 in delinquent contributions, and Marconi agreed to personally guarantee the payments to be made therein. Mackay Aff., par. 6. A copy of the June 9, 2004 Settlement Agreement is attached to the Complaint as Exhibit E. Sentry Fence remitted an initial payment of $16,000.00 upon the signing of the Settlement Agreement, and made other partial payments, but failed and refused to pay the entirety of the delinquency. Mackay Aff., par. 7. As a result, an audit balance of $10,958.00 remained due and owing. Id. Thereafter, on August 9, 2004, the instant suit was filed. The parties executed a second Settlement Agreement on or about July 25, 2005, whereby Sentry Fence agreed to pay the remaining audit balance of $10,958.00 plus interest, and to make an initial payment of $2,000.00 upon its signing of the agreement. Mackay Aff., par. 8. Again, Marconi agreed to personally guarantee the payments to be made therein. Id. A copy of the July 25, 2005 Settlement Agreement is attached hereto as Exhibit 1. Sentry Fence made its initial $2,000.00 payment, and made no further payments until on or about October 13, 2005, when the Defendant paid another $3,000.00 promptly after this Court granted the Plaintiffs' Motion to Attach Personal Property of the Defendant. Mackay Aff., par 9.

On October 26, 2005, this honorable Court entered a 60-day Settlement Order of Dismissal because the Defendant signed a letter agreement whereby it agreed to pay the entirety

3

of the contributions and interest owed to date, totaling $9,428.83, by November 18, 2005. Mackay Aff., par. 10. A copy of the October 19, 2005 letter agreement is attached hereto as Exhibit 2. Although the Defendant did make some payments toward this delinquency, it has not paid the promised amount to date. Id. As such, the Plaintiffs requested that this Court reopen this case, which it did on December 29, 2005.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have audited defendant Sentry Fence's records and, based upon the results of that audit, have ascertained that the Defendants currently owe the Funds $1,958.00 in unpaid fringe benefit contributions due under the Agreement through March, 2004. Mackay Aff., par. 11. Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g) (2) (B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, the Defendants owe $635.68 in interest on the unpaid contributions. Mackay Aff., par. 12. The Defendants owe an additional $3,589.26 in interest on previously late paid contributions. Mackay Aff., par. 13.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law) or in an amount equal to interest on the unpaid contribution, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, the Agreement provides for liquidated damages in the amount of 20% of the unpaid contributions.

4

Twenty percent of the $1,958.00 owed by the Defendants is $391.60. Attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g) (2)(D). Attorneys' fees and costs of this action are $7,819.70. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain. James Marconi should be held joint and severally liable for these amounts because he personally guaranteed payment under two of the separate Settlement Agreements that his company, Sentry Fence, entered into with the Funds.

Finally, Defendants are not infants or incompetent persons. Defendants are also not in the military service. See Affidavit of Thomas P.V. Masiello.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that their Motion for Entry of Default Judgment be granted, and that judgment enter against Defendants Sentry Fence & Iron Co. and James Marconi, joint and severally, in the amount of $14,394.24, representing unpaid contributions due through March, 2004, interest due on the unpaid contributions and on late-paid contributions, liquidated damages, and attorneys' fees and costs of this action.

Respectfully submitted,

PAUL J. McNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108

(617) 742-0208<br>
ggeiman@segalroitman.com

Dated: March 31, 2005

**CERTIFICATE OF SERVICE**

    This is to certify that a copy of the above Memorandum in Support of Motion for Entry of Default Judgment has been served by first class mail upon Defendants Sentry Fence & Iron Co. and James Marconi at 15 Pine Grove Avenue, Lynn, MA 01905 this 31st day of March, 2006.

/s/ Gregory A. Geiman<br>
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 03-428/memo-supmotion-dj.doc