UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,
    Plaintiffs

vs.

SENTRY FENCE & IRON CO. and JAMES MARCONI,
    Defendants

and

EASTERN BANK,
    Trustee

C.A. No. 04-11754 DPW

## AFFIDAVIT OF PHILIP M. MACKAY

1.    My name is Philip Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds"). In my capacity as Collections Agent, I review the audits of and payments by contractors that are bound by their collective bargaining agreements with the Massachusetts Laborers' District Council to make contributions to the Funds for their laborer employees.

2.    On or about March 17, 2003, defendant Sentry Fence agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff

Funds, to the terms of collective bargaining agreements requiring fringe benefit contributions to Plaintiff Funds, and to any successor agreements.

3. Because of the short form agreement, Sentry Fence has been a party to successive collective bargaining agreements, including the agreement which was effective from June, 2000 through May, 2004 ("the Agreement").

4. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees and specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

5. On or about April 6, 2004, an auditor employed by Plaintiff Funds conducted an audit of Sentry Fence's books and records for the period March, 2003 through April, 2004. The auditor's final conclusion, based on the audit and subsequent payroll records received, was that Sentry Fence owed the Funds a total of $33,990.00 in contributions.

6. The Funds and Sentry Fence signed a Settlement Agreement on June 9, 2004, whereby Sentry Fence agreed to pay the $33,990.00 in delinquent contributions, and Marconi agreed to personally guarantee the payments to be made therein.

7. Sentry Fence remitted an initial payment of $16,000.00 upon the signing of the Settlement Agreement, and made other partial payments, but failed and refused to pay the entirety of the delinquency. As a result, an audit balance of $10,958.00 remained due and owing.

8. Thereafter, on August 9, 2004, the instant suit was filed. The parties executed a second Settlement Agreement on or about July 25, 2005, whereby Sentry Fence agreed to pay the remaining audit balance of $10,958.00 plus interest, and to make an initial payment of $2,000.00

upon its signing of the agreement. Again, Marconi agreed to personally guarantee the payments to be made therein.

9. Sentry Fence made its initial $2,000.00 payment, and made no further payments until on or about October 13, 2005, when the Defendant paid another $3,000.00 promptly after this Court granted the Plaintiffs' Motion to Attach Personal Property of the Defendant.

10. The Defendant then signed a letter agreement whereby it agreed to pay the entirety of the contributions and interest owed to date, totaling $9,428.83, by November 18, 2005. Although the Defendant subsequently paid an additional $4,000.00 toward this total, it has not completed its obligations under the letter agreement.

11. At this time, Defendants owe $1,958.00 in unpaid fringe benefit contributions due under the Agreement through March, 2004.

12. Further, the Defendants owe $635.68 in interest on the unpaid contributions.

13. The Defendants owe an additional $3,589.26 in interest on previously late paid contributions.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31ST DAY OF MARCH, 2006.

Philip M. Mackay

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon Defendants Sentry Fence & Iron Co. and James Marconi at 15 Pine Grove Avenue, Lynn, MA 01905 this 31st day of March, 2006.

Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 03-428/affmackay3.doc